# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELMER CASTRO CABALLERO,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>PAMELA BONDI, et al.,<br><br>　　　　　　　　　　Respondents. | Case No.:  25-cv-3407-BJC-BJW<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER AS MOOT** |

Pending before the Court is a petition for writ of habeas corpus filed by Petitioner Helmer Castro Caballero on December 3, 2025. Petitioner seeks immediate release from custody or a bond hearing at which the government must prove by clear and convincing evidence that his continued detention is justified.[1] On February 10, 2026, Petitioner filed an Ex Parte Motion for Temporary Restraining Order ("TRO") asking the Court to bar Respondents from: (1) removing Petitioner from the Southern District of California; (2) communicating with Petitioner concerning his rights, responsibilities, or possible outcomes

---

[1] At the time he filed his Petition, Petitioner was detained at the Otay Mesa Detention Center in San Diego, California, but he was moved on December 14, 2025, to an ICE detention facility in Eloy, Arizona where he is currently detained. The Court retains jurisdiction because the Petition was filed while he was detained here.

1

25-cv-3407-BJC-BJW

of any proceeding regarding his removal from the United States or these proceedings, absent the presence of counsel; and (3) ordering his immediate release from custody. On February 12, 2026, the Court ordered Respondents to respond to the TRO, and enjoined Respondents from removing Petitioner from this district during the pendency of this action. For the following reasons, the Court **GRANTS** the Petition and **DENIES** the TRO as moot.

## I. BACKGROUND

Defendant is a 31-year-old citizen of Venezuela who has been detained since arriving in the United States under the CBP One Program on September 22, 2024. On August 26, 2025, an Immigration Judge granted Petitioner deferral of removal, finding that "it is more likely than not he would be detained and likely tortured" if he returned to Venezuela due to the country conditions, evidence that Petitioner was anti-Maduro, and that he had refused to return to his military unit when ordered. An appeal of that decision is pending. Petitioner claims that his detention for over 16 months without a bond hearing or individualized determination regarding detention violates his Fifth Amendment rights to due process. Pet. at 6-7.

## I. LEGAL STANDARD

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States."). Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States. *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

## II. DISCUSSION

### A. Jurisdiction

Section 1252(g) divests courts of jurisdiction over claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." 8 U.S.C. § 1252(g). The provision must be read narrowly to address only those actions involving the Attorney General's decision to commence proceedings,

adjudicate cases, or execute removal orders and does not apply all of the decisions or actions that may be a part of the deportation process." *Ibarra-Perez v. United States,* 154 F.4th 989, 996 (9th Cir. Aug. 27, 2025).  Challenges to unconstitutional practices and policies that do not arise from the Attorney General's decision to commence proceedings, adjudicate cases or execute removal orders, but are merely collateral to those, are not subject to section 1252(g). *Walters v. Reno*, 145 F.3d 1032, 1052 (9th Cir. 1998) (citing *McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479, 492. (1991)).

      Here, Petitioner is challenging the duration of his detention without a bond hearing and is not challenging the decision to commence proceedings or execute removal orders. The Court finds that it has jurisdiction because challenges to detention without bond are generally collateral to, and do not arise from, the decision to commence and adjudicate proceedings therefore, §1252(g) does not deprive this Court of jurisdiction to hear Petitioner's claims. See *D.D. v. LaRose*, No. 25-CV-2681-BJC-JLB (S.D. Cal. Oct. 22, 2025).  Accordingly, the Court retains jurisdiction over the petition for writ of habeas corpus.

**B. Merits**

Non-citizens who arrive in the United States at a Port of Entry without valid documentation, such as Petitioner, are considered applicants for admission subject to Section 1225(a)(1). *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018).  These applicants are "inspected by immigration officers" to determine whether they may be admitted into the United States. 8 U.S.C. § 1225(a)(3). "[A]pplicants for admission fall into one of two categories, those covered by § 1225(b)(1) and those covered by § 1225(b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). Section 1225(b)(1) applies to arriving aliens and "certain other" aliens "initially determined to be inadmissible due to fraud, misrepresentation, or *lack of valid document*." *Id.* (citing 8 U.S.C. § 1225(b)(1)(A)(i))(emphasis added). These aliens are generally subject to expedited removal proceedings. See 8 U.S.C. § 1225(b)(1)(A)(i). But if "the alien indicates an intention to apply for asylum . . . or a fear of persecution," immigration officers will refer

the alien for a credible fear interview. 8 U.S.C. § 1225(b)(1)(A)(ii). "If the officer determines at the time of the interview that [the] alien has a credible fear of persecution . . . , the alien shall be detained for further consideration of the application for asylum." 8 U.S.C. § 1225(b)(1)(B)(ii) (emphasis added).

"Detention under 8 U.S.C. § 1225 must comport with due process." *Markov v. LaRose*, 2026 WL 92069, *2 (S.D. Cal. Jan. 13, 2026). "Nearly all district courts that have considered [the constitutionality of prolonged mandatory detention] agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." *Singh v. Barr*, 400 F. Supp. 3d 1005 (S.D. Cal. 2019) (internal quotation marks and citations omitted) (cleaned up) (collecting cases). Courts must consider various factors when determining whether detention is unreasonable, including "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government." *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022); *see also Banda v. McAleenan*, 385 F.Supp.3d 1099, 1106 (W.D. Wash. June 12, 2019). A majority of district courts have held that prolonged detention without a bond hearing may run afoul of the Fifth Amendment's due process protections where detention exceeds 11 months. See *Sadeqi v. LaRose*, 2025 WL 3154520, *3 S.D. Cal. Nov. 12, 2025)(collecting cases). Although the Supreme Court in *Department of Homeland Security v. Thuraissigiam,* 591 U.S. 103, 107 (2020) held that a petitioner seeking admission to the country did not have additional due process rights beyond those granted by statute," *Thuraissigiam* did not limit a petitioner's ability to raise a due process challenge to the length of detention, instead limiting its analysis to whether an individual had due process rights to admission. *See Sadeqi,* *2.

The Court agrees with the majority of district courts that have found that a petitioner detained under Section 1225(b)(1) may challenge prolonged detention without a bond hearing on the basis of due process. This Court likewise agrees with those district courts that find *Thuraissigiam* does not limit an individual's right to challenge *detention*, finding instead that it limits the holding to an arriving alien's due process rights to *admission*. See

*A.L. v. Oddo*, 761 F. Supp. 3d 822, 825 (W.D. Pa. 2025) ("Nowhere in [*Thuraissigiam*] did the Supreme Court suggest that arriving aliens being held under § 1225(b) may be held indefinitely and unreasonably with no due process implications, nor that such aliens have no due process rights whatsoever.") Instead, "the substantial liberty interest at stake" warrants placing the burden on the government to "prove by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond." *Singh v. Holder,* 638 F.3d 1196, 1203 (9th Cir. 2011), abrogated on other grounds by *Jennings v. Rodriguez*, 583 U.S. 281 (2018).

      Here, the evidence shows that Petitioner had a bond hearing scheduled for January 31, 2025, but he withdrew that bond request. *See* Respondent's Opposition TRO, Ex C, ECF No. 9-1. Petitioner had a second bond hearing on April 17, 2025, at which time the immigration judge denied bond for lack of jurisdiction under Section 235(b)(2)(A). *Id.* Ex. D, ECF No. 9-1. On August 26, 2025, Petitioner's third bond request was denied because the immigration judge found that Petitioner "was granted deferral of removal. There is no requirement that he be released from custody. It is within the sole discretion of the Department of Homeland Security as to whether he should be released." *Id.* Ex. E, ECF No. 9-1.

      Although the evidence shows that Petitioner had two "bond hearings," there is no indication that the immigration judge properly considered whether Petitioner was a danger to the community or presented a risk of flight as required. Accordingly, the Court finds that Petitioner's detention over 16 months without an adequate bond hearing is unreasonable and violates due process. Petitioner has no criminal history, entered the United States under CBP One, and was granted deferral of removal by an immigration judge based on Petitioner's fear of torture in Venezuela. The Court finds that Petitioner is "entitled to a prompt and individualized bond hearing, at which Respondents must justify [his] continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released." *Sadeqi*, 2025 WL 3154520, *4.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **GRANTS** Petitioners application and **ORDERS** Respondent to conduct a bond hearing in which the government has the burden of showing by clear and convincing evidence that Petitioner is a flight risk or danger **no later than March 6, 2026**. Petitioner's TRO is **DENIED** as moot.

**IT IS SO ORDERED**.

Dated:  February 20, 2026

*/s/ Bryan Cheeks*
_____
Honorable Benjamin J. Cheeks
United States District Judge